**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------X

DIMOV ASSOCIATES LLC d/b/a DIMOV TAX
AND CPA SERVICES
and DIMOV WASSERMAN LLC

                           Plaintiffs.

-against-

MARC WASSERMAN, DAVID KANE and
SELECTIVE FINANCIAL SOLUTIONS

                           Defendants.

---------------------------------------------------------------X

Index No.

**[PROPOSED] ORDER TO**
**SHOW CAUSE FOR**
**PRELIMINARY INJUNCTION**
**AND TEMPORARY**
**RESTRAINING ORDER**

**<u>JURY TRIAL DEMANDED</u>**

**UPON** the Declaration of Jacqueline Heston, sworn to May 21, 2025, the Declaration of April Moore, sworn to May 23, 2025, and the Declaration of George Dimov, sworn to May 23, 2025, and the exhibits annexed hereto, the Complaint filed in this matter, and the accompanying Memorandum of Law, it is hereby:

**ORDERED**, that Defendants Marc Wasserman, David Kane and Selective Financial Solutions show cause before this Court show cause before the Honorable _____, United States District Judge, United States District Court for the District of New Jersey, at the Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, New Jersey 07101, in Court Room _____, at _____ a.m./p.m., on the \_\_\_\_\_ day of _____ 2025, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants Marc Wasserman, David Kane and

Selective Financial Solutions, together with their officers, directors, and agents, during the pendency of this action from:

      1.      Soliciting, contacting, servicing, or otherwise communicating with any current or former clients or customers of Plaintiffs for any business purpose;

      2.      Transferring, encumbering, concealing, dissipating, or otherwise disposing of any assets, including but not limited to bank accounts, investment accounts, real property, personal property, vehicles, art, cryptocurrency, or any other assets of value;

      3.      Destroying, deleting, altering, or concealing any documents, electronic data, communications, financial records, client information, or other evidence relating to Plaintiffs' claims;

      4.      Accessing any of Plaintiffs' physical locations, computer systems, email accounts, or other information technology resources for any purpose;

      5.      Using or disclosing any of Plaintiffs' confidential or proprietary information, including but not limited to client lists, client contact information, financial information, tax preparation methods, or business strategies;

      6.      Directly, Contacting any employee, owner or investor of any of the Plaintiffs;

      7.      Instructing, requesting, or encouraging any third parties to engage in any of the foregoing prohibited acts;

and it is further

**ORDERED** that personal or electronic mail service of a copy of this order and annexed Affidavit, Declarations, and Complaint upon the defendants or their counsel on or before

_____ o'clock in the _____noon, on the ___ day of December, 2024 shall be deemed

good and sufficient service thereof.

    DATED: Newark, New Jersey

        _____ ____, 2024


                                        _____
                                        United States District Judge