**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

Case Number 1:25-CV-05410-KMW-AMD

Date June 6, 2025

**RECEIVED**

JUN  9 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

DIMOV ASSOCIATES LLC d/b/a DIMOV TAX

AND CPA SERVICES

and DIMOV WASSERMAN LLC,

Plaintiffs. v.

 (MARC WASSERMAN, DAVID KANE and

SELECTIVE FINANCIAL SOLUTIONS,)

 Defendant.

_____

UNITED STATES' ANSWER TO THE COMPLAINT

Defendant, the United States of America, responds the Complaint as follows:

| | | |
|---|---|---|
| 1 | ) | Defendant lacks knowledge or information sufficient to form a belief |
| 2 | ) | Agreed |
| 3 | ) | Agreed |
| 4 | ) | Defendant lacks knowledge or information sufficient to form a belief |
| 5 | ) | Defendant lacks knowledge or information sufficient to form a belief |
| 6 | ) | Defendant lacks knowledge or information sufficient to form a belief |
| 7 | ) | Defendant lacks knowledge or information sufficient to form a belief |
| 8 | ) | Defendant lacks knowledge or information sufficient to form a belief |

9     )   Defendant lacks knowledge or information sufficient to form a belief

10    )   Agreed

11    )   Agreed

12    )   Agreed

13    )   Agreed

14    )   Agreed

15    )   Agreed

16    )   Agreed

17    )   Agreed

18    )   Defendant lacks knowledge or information sufficient to form a belief

19    )   Defendant lacks knowledge or information sufficient to form a belief

20    )   Defendant lacks knowledge or information sufficient to form a belief

21    )   Defendant lacks knowledge or information sufficient to form a belief

22    )   Defendant lacks knowledge or information sufficient to form a belief

23    )   Defendant lacks knowledge or information sufficient to form a belief

24    )   Defendant lacks knowledge or information sufficient to form a belief

25    )   Defendant lacks knowledge or information sufficient to form a belief

26    )   Defendant lacks knowledge or information sufficient to form a belief

27    )   Defendant lacks knowledge or information sufficient to form a belief

28    )   Defendant lacks knowledge or information sufficient to form a belief

29    )   Defendant lacks knowledge or information sufficient to form a belief

30    )   Defendant lacks knowledge or information sufficient to form a belief

31    )   Defendant lacks knowledge or information sufficient to form a belief

32    )   Defendant lacks knowledge or information sufficient to form a belief

33    )   Defendant lacks knowledge or information sufficient to form a belief

34    )   Defendant lacks knowledge or information sufficient to form a belief

35  ) Defendant lacks knowledge or information sufficient to form a belief

36  ) Defendant lacks knowledge or information sufficient to form a belief

37  ) Defendant lacks knowledge or information sufficient to form a belief

38  ) Defendant lacks knowledge or information sufficient to form a belief

39  ) Defendant lacks knowledge or information sufficient to form a belief

40  ) Defendant lacks knowledge or information sufficient to form a belief

41  ) Defendant lacks knowledge or information sufficient to form a belief

42  ) Defendant lacks knowledge or information sufficient to form a belief

43  ) Defendant lacks knowledge or information sufficient to form a belief

44  ) Agreed

45  ) Defendant lacks knowledge or information sufficient to form a belief

46  ) Defendant lacks knowledge or information sufficient to form a belief

47  ) Defendant lacks knowledge or information sufficient to form a belief

48  ) Defendant lacks knowledge or information sufficient to form a belief

49  ) Defendant lacks knowledge or information sufficient to form a belief

50  ) Defendant lacks knowledge or information sufficient to form a belief

51  ) Defendant lacks knowledge or information sufficient to form a belief

52  ) Defendant lacks knowledge or information sufficient to form a belief

53  ) Defendant lacks knowledge or information sufficient to form a belief

54  ) Defendant lacks knowledge or information sufficient to form a belief

55  ) Defendant lacks knowledge or information sufficient to form a belief

56  ) Defendant lacks knowledge or information sufficient to form a belief

57  ) Defendant lacks knowledge or information sufficient to form a belief

58  )  Defendant lacks knowledge or information sufficient to form a belief

59  )  Defendant lacks knowledge or information sufficient to form a belief

60  )  Defendant lacks knowledge or information sufficient to form a belief

61  )  Defendant lacks knowledge or information sufficient to form a belief

62  )  Defendant lacks knowledge or information sufficient to form a belief

63  )  Defendant lacks knowledge or information sufficient to form a belief

64  )  Defendant lacks knowledge or information sufficient to form a belief

65  )  Defendant lacks knowledge or information sufficient to form a belief

66  )  Defendant lacks knowledge or information sufficient to form a belief

67  )  Defendant lacks knowledge or information sufficient to form a belief

68  )  Defendant lacks knowledge or information sufficient to form a belief

69  )  Defendant lacks knowledge or information sufficient to form a belief

70  )  Defendant lacks knowledge or information sufficient to form a belief

71  )  Defendant lacks knowledge or information sufficient to form a belief

72  )  Defendant lacks knowledge or information sufficient to form a belief

73  )  Defendant lacks knowledge or information sufficient to form a belief

74  )  Defendant lacks knowledge or information sufficient to form a belief

75  )  Defendant lacks knowledge or information sufficient to form a belief

76  )  Defendant lacks knowledge or information sufficient to form a belief

77  )  Defendant lacks knowledge or information sufficient to form a belief

78  )  Defendant lacks knowledge or information sufficient to form a belief

79  )  Defendant lacks knowledge or information sufficient to form a belief

80  )  Defendant lacks knowledge or information sufficient to form a belief

81  )  Defendant lacks knowledge or information sufficient to form a belief

82  )  Defendant lacks knowledge or information sufficient to form a belief

83  )  Defendant lacks knowledge or information sufficient to form a belief

84  )  Defendant lacks knowledge or information sufficient to form a belief

85  )  Defendant lacks knowledge or information sufficient to form a belief

86  )  Defendant lacks knowledge or information sufficient to form a belief

87  )  Defendant lacks knowledge or information sufficient to form a belief

88  )  Defendant lacks knowledge or information sufficient to form a belief

89  )  Defendant lacks knowledge or information sufficient to form a belief

90  )  Defendant lacks knowledge or information sufficient to form a belief

91  )  Defendant lacks knowledge or information sufficient to form a belief

92  )  Defendant lacks knowledge or information sufficient to form a belief

93  )  Defendant lacks knowledge or information sufficient to form a belief

94  )  Defendant lacks knowledge or information sufficient to form a belief

95  )  Defendant lacks knowledge or information sufficient to form a belief

96  )  Defendant lacks knowledge or information sufficient to form a belief

97  )  Defendant lacks knowledge or information sufficient to form a belief

98  )  Defendant lacks knowledge or information sufficient to form a belief

99  )  Defendant lacks knowledge or information sufficient to form a belief

100  )  Defendant lacks knowledge or information sufficient to form a belief

101  )  Defendant lacks knowledge or information sufficient to form a belief

102  )  Defendant lacks knowledge or information sufficient to form a belief

103  )  Defendant lacks knowledge or information sufficient to form a belief

104 ) Defendant lacks knowledge or information sufficient to form a belief

105 ) Defendant lacks knowledge or information sufficient to form a belief

106 ) Defendant lacks knowledge or information sufficient to form a belief

107 ) Defendant lacks knowledge or information sufficient to form a belief

108 ) Defendant lacks knowledge or information sufficient to form a belief

109 ) Defendant lacks knowledge or information sufficient to form a belief

110 ) Defendant lacks knowledge or information sufficient to form a belief

111 ) Defendant lacks knowledge or information sufficient to form a belief

112 ) Defendant lacks knowledge or information sufficient to form a belief

113 ) Defendant lacks knowledge or information sufficient to form a belief

114 ) Defendant lacks knowledge or information sufficient to form a belief

115 ) Agreed

116 ) Defendant lacks knowledge or information sufficient to form a belief

117 ) Defendant lacks knowledge or information sufficient to form a belief

118 ) Defendant lacks knowledge or information sufficient to form a belief

119 ) Defendant lacks knowledge or information sufficient to form a belief

120 ) Defendant lacks knowledge or information sufficient to form a belief

121 ) Defendant lacks knowledge or information sufficient to form a belief

122 ) Defendant lacks knowledge or information sufficient to form a belief

123 ) Defendant lacks knowledge or information sufficient to form a belief

124 ) Defendant lacks knowledge or information sufficient to form a belief

125 ) Defendant lacks knowledge or information sufficient to form a belief

126 ) Defendant lacks knowledge or information sufficient to form a belief

127 ) Defendant lacks knowledge or information sufficient to form a belief

128 ) Defendant lacks knowledge or information sufficient to form a belief

129 ) Defendant lacks knowledge or information sufficient to form a belief

130 ) Defendant lacks knowledge or information sufficient to form a belief

131 ) Defendant lacks knowledge or information sufficient to form a belief

132 ) Defendant lacks knowledge or information sufficient to form a belief

133 ) Defendant lacks knowledge or information sufficient to form a belief

134 ) Defendant lacks knowledge or information sufficient to form a belief

135 ) Defendant lacks knowledge or information sufficient to form a belief

136 ) Defendant lacks knowledge or information sufficient to form a belief

137 ) Defendant lacks knowledge or information sufficient to form a belief

138 ) Defendant lacks knowledge or information sufficient to form a belief

139 ) Defendant lacks knowledge or information sufficient to form a belief

140 ) Defendant lacks knowledge or information sufficient to form a belief

141 ) Defendant lacks knowledge or information sufficient to form a belief

142 ) Defendant lacks knowledge or information sufficient to form a belief

143 ) Defendant lacks knowledge or information sufficient to form a belief

144 ) Defendant lacks knowledge or information sufficient to form a belief

145 ) Defendant lacks knowledge or information sufficient to form a belief

146 ) Defendant lacks knowledge or information sufficient to form a belief

147 ) Defendant lacks knowledge or information sufficient to form a belief

148 ) Defendant lacks knowledge or information sufficient to form a belief

149 ) Defendant lacks knowledge or information sufficient to form a belief

150  )   Defendant lacks knowledge or information sufficient to form a belief

151  )   Defendant lacks knowledge or information sufficient to form a belief

152  )   Defendant lacks knowledge or information sufficient to form a belief

153  )   Defendant lacks knowledge or information sufficient to form a belief

154  )   Defendant lacks knowledge or information sufficient to form a belief

155  )   Defendant lacks knowledge or information sufficient to form a belief

156  )   Defendant lacks knowledge or information sufficient to form a belief

157  )   Defendant lacks knowledge or information sufficient to form a belief

158  )   Defendant lacks knowledge or information sufficient to form a belief

159  )   Defendant lacks knowledge or information sufficient to form a belief

160  )   Defendant lacks knowledge or information sufficient to form a belief

161  )   Defendant lacks knowledge or information sufficient to form a belief

162  )   Defendant lacks knowledge or information sufficient to form a belief

163  )   Defendant lacks knowledge or information sufficient to form a belief

164  )   Defendant lacks knowledge or information sufficient to form a belief

165  )   Defendant lacks knowledge or information sufficient to form a belief

166  )   Defendant lacks knowledge or information sufficient to form a belief

167  )   Defendant lacks knowledge or information sufficient to form a belief

168  )   Defendant lacks knowledge or information sufficient to form a belief

169  )   Defendant lacks knowledge or information sufficient to form a belief

170  )   Defendant lacks knowledge or information sufficient to form a belief

171  )   Defendant lacks knowledge or information sufficient to form a belief

172  )   Defendant lacks knowledge or information sufficient to form a belief

173 )  Defendant lacks knowledge or information sufficient to form a belief

174 )  Defendant lacks knowledge or information sufficient to form a belief

175 )  Defendant lacks knowledge or information sufficient to form a belief

176 )  Defendant lacks knowledge or information sufficient to form a belief

177 )  Defendant lacks knowledge or information sufficient to form a belief

178 )  Defendant lacks knowledge or information sufficient to form a belief

179 )  Defendant lacks knowledge or information sufficient to form a belief

180 )  Defendant lacks knowledge or information sufficient to form a belief

181 )  Defendant lacks knowledge or information sufficient to form a belief

182 )  Defendant lacks knowledge or information sufficient to form a belief

183 )  Defendant lacks knowledge or information sufficient to form a belief

184 )  Defendant lacks knowledge or information sufficient to form a belief

185 )  Defendant lacks knowledge or information sufficient to form a belief

186 )  Defendant lacks knowledge or information sufficient to form a belief

187 )  Defendant lacks knowledge or information sufficient to form a belief

188 )  Defendant lacks knowledge or information sufficient to form a belief

189 )  Defendant lacks knowledge or information sufficient to form a belief

190 )  Defendant lacks knowledge or information sufficient to form a belief

191 )  Defendant lacks knowledge or information sufficient to form a belief

192 )  Defendant lacks knowledge or information sufficient to form a belief

193 )  Defendant lacks knowledge or information sufficient to form a belief

194 )  Defendant lacks knowledge or information sufficient to form a belief

195 )  Defendant lacks knowledge or information sufficient to form a belief

196 ) Defendant lacks knowledge or information sufficient to form a belief

197 ) Defendant lacks knowledge or information sufficient to form a belief

198 ) Defendant lacks knowledge or information sufficient to form a belief

199 ) Defendant lacks knowledge or information sufficient to form a belief

200 ) Defendant lacks knowledge or information sufficient to form a belief

201 ) Defendant lacks knowledge or information sufficient to form a belief

202 ) Defendant lacks knowledge or information sufficient to form a belief

203 ) Defendant lacks knowledge or information sufficient to form a belief

204 ) Defendant lacks knowledge or information sufficient to form a belief

205 ) Defendant lacks knowledge or information sufficient to form a belief

206 ) Defendant lacks knowledge or information sufficient to form a belief

207 ) Defendant lacks knowledge or information sufficient to form a belief

208 ) Defendant lacks knowledge or information sufficient to form a belief

209 ) Defendant lacks knowledge or information sufficient to form a belief

210 ) Defendant lacks knowledge or information sufficient to form a belief

211 ) Defendant lacks knowledge or information sufficient to form a belief

212 ) Defendant lacks knowledge or information sufficient to form a belief

213 ) Defendant lacks knowledge or information sufficient to form a belief

214 ) Defendant lacks knowledge or information sufficient to form a belief

215 ) Defendant lacks knowledge or information sufficient to form a belief

216 ) Defendant lacks knowledge or information sufficient to form a belief

217 ) Defendant lacks knowledge or information sufficient to form a belief

218 ) Defendant lacks knowledge or information sufficient to form a belief

219 ) Defendant lacks knowledge or information sufficient to form a belief

220 ) Defendant lacks knowledge or information sufficient to form a belief

221 ) Defendant lacks knowledge or information sufficient to form a belief

222 ) Defendant lacks knowledge or information sufficient to form a belief

223 ) Defendant lacks knowledge or information sufficient to form a belief

224 ) Defendant lacks knowledge or information sufficient to form a belief

225 ) Defendant lacks knowledge or information sufficient to form a belief

226 ) Defendant lacks knowledge or information sufficient to form a belief

227 ) Defendant lacks knowledge or information sufficient to form a belief

228 ) Defendant lacks knowledge or information sufficient to form a belief

229 ) Defendant lacks knowledge or information sufficient to form a belief

230 ) Defendant lacks knowledge or information sufficient to form a belief

231 ) Defendant lacks knowledge or information sufficient to form a belief

232 ) Defendant lacks knowledge or information sufficient to form a belief

233 ) Defendant lacks knowledge or information sufficient to form a belief

234 ) Defendant lacks knowledge or information sufficient to form a belief

235 ) Defendant lacks knowledge or information sufficient to form a belief

236 ) Defendant lacks knowledge or information sufficient to form a belief

237 ) Defendant lacks knowledge or information sufficient to form a belief

238 ) Defendant lacks knowledge or information sufficient to form a belief

239 ) Defendant lacks knowledge or information sufficient to form a belief

240 ) Defendant lacks knowledge or information sufficient to form a belief

241 ) Defendant lacks knowledge or information sufficient to form a belief

242 ) Defendant lacks knowledge or information sufficient to form a belief

243 ) Defendant lacks knowledge or information sufficient to form a belief

244 ) Defendant lacks knowledge or information sufficient to form a belief

245 ) Defendant lacks knowledge or information sufficient to form a belief

246 ) Defendant lacks knowledge or information sufficient to form a belief

247 ) Defendant lacks knowledge or information sufficient to form a belief

248 ) Defendant lacks knowledge or information sufficient to form a belief

249 ) Defendant lacks knowledge or information sufficient to form a belief

250 ) Defendant lacks knowledge or information sufficient to form a belief

251 ) Defendant lacks knowledge or information sufficient to form a belief

252 ) Defendant lacks knowledge or information sufficient to form a belief

253 ) Defendant lacks knowledge or information sufficient to form a belief

254 ) Defendant lacks knowledge or information sufficient to form a belief

255 ) Defendant lacks knowledge or information sufficient to form a belief

256 ) Defendant lacks knowledge or information sufficient to form a belief

257 ) Defendant lacks knowledge or information sufficient to form a belief

258 ) Defendant lacks knowledge or information sufficient to form a belief

259 ) Defendant lacks knowledge or information sufficient to form a belief

260 ) Defendant lacks knowledge or information sufficient to form a belief

261 ) Defendant lacks knowledge or information sufficient to form a belief

262 ) Defendant lacks knowledge or information sufficient to form a belief

263 ) Defendant lacks knowledge or information sufficient to form a belief

264 ) Defendant lacks knowledge or information sufficient to form a belief

265  )  Defendant lacks knowledge or information sufficient to form a belief

266  )  Defendant lacks knowledge or information sufficient to form a belief

267  )  Defendant lacks knowledge or information sufficient to form a belief

268  )  Defendant lacks knowledge or information sufficient to form a belief

269  )  Defendant lacks knowledge or information sufficient to form a belief

270  )  Defendant lacks knowledge or information sufficient to form a belief

271  )  Defendant lacks knowledge or information sufficient to form a belief

272  )  Defendant lacks knowledge or information sufficient to form a belief

273  )  Defendant lacks knowledge or information sufficient to form a belief

274  )  Defendant lacks knowledge or information sufficient to form a belief

275  )  Defendant lacks knowledge or information sufficient to form a belief

276  )  Defendant lacks knowledge or information sufficient to form a belief

277  )  Defendant lacks knowledge or information sufficient to form a belief

278  )  Defendant lacks knowledge or information sufficient to form a belief

279  )  Defendant lacks knowledge or information sufficient to form a belief

280  )  Defendant lacks knowledge or information sufficient to form a belief

281  )  Defendant lacks knowledge or information sufficient to form a belief

282  )  Defendant lacks knowledge or information sufficient to form a belief

283  )  Defendant lacks knowledge or information sufficient to form a belief

284  )  Defendant lacks knowledge or information sufficient to form a belief

285  )  Defendant lacks knowledge or information sufficient to form a belief

286  )  Defendant lacks knowledge or information sufficient to form a belief

287  )  Defendant lacks knowledge or information sufficient to form a belief

288 ) Defendant lacks knowledge or information sufficient to form a belief

289 ) Defendant lacks knowledge or information sufficient to form a belief

290 ) Defendant lacks knowledge or information sufficient to form a belief

291 ) Defendant lacks knowledge or information sufficient to form a belief

292 ) Defendant lacks knowledge or information sufficient to form a belief

293 ) Defendant lacks knowledge or information sufficient to form a belief

294 ) Defendant lacks knowledge or information sufficient to form a belief

295 ) Defendant lacks knowledge or information sufficient to form a belief

296 ) Defendant lacks knowledge or information sufficient to form a belief

297 ) Defendant lacks knowledge or information sufficient to form a belief

298 ) Defendant lacks knowledge or information sufficient to form a belief

299 ) Defendant lacks knowledge or information sufficient to form a belief

300 ) Defendant lacks knowledge or information sufficient to form a belief

301 ) Defendant lacks knowledge or information sufficient to form a belief

302 ) Defendant lacks knowledge or information sufficient to form a belief

303 ) Defendant lacks knowledge or information sufficient to form a belief

304 ) Defendant lacks knowledge or information sufficient to form a belief

305 ) Defendant lacks knowledge or information sufficient to form a belief

306 ) Defendant lacks knowledge or information sufficient to form a belief

307 ) Defendant lacks knowledge or information sufficient to form a belief

308 ) Defendant lacks knowledge or information sufficient to form a belief

309 ) Defendant lacks knowledge or information sufficient to form a belief

310 ) Defendant lacks knowledge or information sufficient to form a belief

311 ) Defendant lacks knowledge or information sufficient to form a belief

312 ) Defendant lacks knowledge or information sufficient to form a belief

313 ) Defendant lacks knowledge or information sufficient to form a belief

314 ) Defendant lacks knowledge or information sufficient to form a belief

315 ) Defendant lacks knowledge or information sufficient to form a belief

316 ) Defendant lacks knowledge or information sufficient to form a belief

317 ) Defendant lacks knowledge or information sufficient to form a belief

318 ) Defendant lacks knowledge or information sufficient to form a belief

319 ) Defendant lacks knowledge or information sufficient to form a belief

320 ) Defendant lacks knowledge or information sufficient to form a belief

321 ) Defendant lacks knowledge or information sufficient to form a belief

322 ) Defendant lacks knowledge or information sufficient to form a belief

323 ) Defendant lacks knowledge or information sufficient to form a belief

324 ) Defendant lacks knowledge or information sufficient to form a belief

325 ) Defendant lacks knowledge or information sufficient to form a belief

326 ) Defendant lacks knowledge or information sufficient to form a belief

327 ) Defendant lacks knowledge or information sufficient to form a belief

328 ) Defendant lacks knowledge or information sufficient to form a belief

329 ) Defendant lacks knowledge or information sufficient to form a belief

330 ) Defendant lacks knowledge or information sufficient to form a belief

331 ) Defendant lacks knowledge or information sufficient to form a belief

332 ) Defendant lacks knowledge or information sufficient to form a belief

333 ) Defendant lacks knowledge or information sufficient to form a belief

334 ) Defendant lacks knowledge or information sufficient to form a belief

335 ) Defendant lacks knowledge or information sufficient to form a belief

336 ) Defendant lacks knowledge or information sufficient to form a belief

337 ) Defendant lacks knowledge or information sufficient to form a belief

338 ) Defendant lacks knowledge or information sufficient to form a belief

339 ) Defendant lacks knowledge or information sufficient to form a belief

340 ) Defendant lacks knowledge or information sufficient to form a belief

341 ) Defendant lacks knowledge or information sufficient to form a belief

342 ) Defendant lacks knowledge or information sufficient to form a belief

343 ) Defendant lacks knowledge or information sufficient to form a belief

344 ) Defendant lacks knowledge or information sufficient to form a belief

345 ) Defendant lacks knowledge or information sufficient to form a belief

346 ) Defendant lacks knowledge or information sufficient to form a belief

347 ) Defendant lacks knowledge or information sufficient to form a belief

348 ) Defendant lacks knowledge or information sufficient to form a belief

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 17 of 65 PageID:
226
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 1 of 49 PageID: 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X

DIMOV ASSOCIATES LLC d/b/a DIMOV TAX
AND CPA SERVICES
and DIMOV WASSERMAN LLC,

                             Plaintiffs.

-against-

MARC WASSERMAN, DAVID KANE and
SELECTIVE FINANCIAL SOLUTIONS,

                            Defendants.

-------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

        Plaintiffs Dimov Associates LLC d/b/a Dimov Tax and CPA Services ("Dimov Tax") and Dimov Wasserman LLC ("Dimov Wasserman LLC" and collectively with Dimov Tax, "Plaintiffs"), by and through their attorneys, Romano Law PLLC, as and for their Complaint against defendants Marc Wasserman ("Wasserman"), Selective Financial Solutions ("SFS") and David Kane (collectively, "Defendants"), allege as follows:

1

## NATURE OF THE CASE

1.    This case concerns trade secret misappropriation, diversion of clients, tortious interference and other related misconduct by Wasserman, SFS, and Kane.

2.    Wasserman's company, Marc Wasserman CPA PC ("Wasserman PC") was acquired and had all of its assets transferred to Dimov Tax in October 2024. A new entity, Dimov Wasserman, was formed by Dimov Tax to manage these assets, which included, amongst other things, the client list of Wasserman PC.

3.    Another entity, SFS, was set up by Derrick Wilson.

4.    Upon information and belief, Defendants Wasserman, David Kane and SFS concocted a scheme to defraud Plaintiff Dimov Wasserman and steal its clients.

5.    Although Defendant Wasserman had his Electronic Filing Identification Number ("EFIN") suspended months before the sale of Marc Wasserman PC CPA, neither he nor David Kane disclosed this information to the purchaser, George Dimov.

6.    Defendant Wasserman did not disclose he did not have an EFIN, and neither did Defendant Kane, although both of them knew that had Mr. Dimov been aware of this, he would have not hired Defendant Wasserman as a consultant with the Plaintiffs.

7.    Specifically, Wasserman: misused the confidential client list for purposes of his own economic gain and that of SFS; prepared tax returns for Dimov Wasserman clients but diverted the resulting client payment for these services to SFS; and encouraged Dimov Wasserman clients to terminate their relationship with Dimov Wasserman.

8.    The wrongdoing of Wasserman did not stop there. He regularly argued with Dimov Wasserman employees, cajoled Dimov Wasserman clients into paying him cash in violation of the employment policy of Dimov Wasserman and acted out in violent outbursts.

9.    This action seeks injunctive relief and monetary damages for violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq., violation of the New Jersey Trade Secrets Act, N.J.S.A. § 56:15-1 et seq., common law misappropriation, breach of contract, fraud, breach of covenant of good faith and fair dealing, fraudulent inducement, negligent misrepresentation, unfair competition, breach of fiduciary duty, tortious interference with business relationships and unjust enrichment due to the actions of the Defendants.

## THE PARTIES

10.    Plaintiff Dimov Tax is a professional liability company organized and existing under the laws of Florida with its principal place of business at 401 NW 31st Avenue, Miami, Florida 33125-4228.

11.    Dimov Tax provides, inter alia, tax advice and consulting services.

12.    Incorporated in New Jersey, Plaintiff Dimov Wasserman has its principal place of business at 401 NW 31st Avenue, Miami, Florida 33125-4228.

13.    Dimov Wasserman is in the business of providing tax preparation and filing services for clients.

14.    Upon information and belief, Defendant SFS is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 2754 Island Avenue, Philadelphia, Pennsylvania 19153.

15.    SFS engages in preparing and filing of tax returns.

16.    Defendant Wasserman is an individual who, upon information and belief, resides in New Jersey.

17.    Wasserman is a certified public accountant (CPA) with decades of experience.

18.    Defendant Kane, upon information and belief, is an individual who resides in New Jersey.

19.    As a member of the Pennsylvania State Bar, Mr. Kane is a practicing lawyer.

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 by virtue of claims asserted under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, et seq. Supplemental jurisdiction exists over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

21.    This Court has personal jurisdiction over Defendant Wasserman because he resides in New Jersey.

22.    Regarding Defendants Kane and Wilson, this Court has personal jurisdiction pursuant to New Jersey Rule of Court 4:4-4(b)(1) because their alleged conduct was purposefully directed at, and caused harm to, Dimov Wasserman, a New Jersey plaintiff.

23.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in New Jersey.

## FACTS APPLICABLE TO CLAIMS FOR RELIEF

### The Acquisition of Wasserman PC

24.    George Dimov is the founder and owner of Dimov Tax.

25.    In 2024, George Dimov and David Kane discussed the possibility of acquiring Wasserman PC over telephone Short Message Service ("SMS"). In this regard, a meeting was set up between Mr. Dimov and Wasserman.

26.    To facilitate the proposed sale of Wasserman PC to Dimov Tax (the "Sale"), attorney David Kane and Mr. Dimov drafted a contract for the sale.

27.    The finalized purchase agreement (the "Purchase Agreement") was signed by Wasserman on October 25, 2024. A true and accurate copy of the Purchase Agreement is annexed hereto as **Exhibit 1.**

28.    Jacqueline Heston was employed as an administrative assistant by Wasserman PC prior to the Sale.

29.    April Moore was also employed as an accountant at Wasserman PC when it was sold to Dimov Tax.

30.    Additionally, a new entity, Plaintiff Dimov Wasserman, was incorporated in New Jersey on October 28, 2024.

31.    After the Sale, Dimov Wasserman employed Jacqueline Heston.

32.    April Moore was also employed by Plaintiff Dimov Wasserman after the Sale.

33.    Defendant Wasserman signed a consulting agreement with Dimov Tax to provide tax and accounting advice, and auditing services to Dimov Tax clients (the "Consulting Contract"). A true and accurate copy of the Consulting Contract is annexed hereto as **Exhibit 2.**

34.    After the Sale, Defendant Wasserman was given access to Plaintiff Dimov Wasserman's confidential information ("Confidential Information").

35.    The Confidential Information from Dimov Wasserman that was available to Wasserman included:

a.    client lists,

b.    client contact information,

c.    client financial data,

d.    tax preparation software, and

e.    other trade secrets.

36.    Wasserman was also given access to proprietary information at Dimov Wasserman.

37.    Defendant Wasserman knew that he was mandated to not disclose the Confidential Information to any person who was not an employee of Dimov Wasserman.

38.    Further, Wasserman also had reason to know he should not disclose the Confidential Information to any person who was not an employee of Dimov Wasserman.

39.    The Purchase Agreement had an acquisition price of $748,000.

40.    The actual amount to be received by Wasserman, however, was contingent on performance incentives.

41.    Specifically, in accordance with section 8.6 of the Purchase Agreement, the transaction would be subject to five categories of payment due to Wasserman:

    a.    an upfront payment of $150,000 upon closing,

    b.    monthly payments of $3,000 a month (which totaled $108,000 over 3 years),

    c.    yearly payments of $70,000 for 5 years as a consulting fee to Wasserman (totaling $350,000),

    d.    a $100,000 payment contingent on performance incentives over the 4th and 5th year after the acquisition, and

    e.    a $40,000 bonus on the fifth year of the contract assuming performance incentives were met.

### Diversion of Clients

42.    Wasserman engaged in acts designed to divert clients away from Dimov Wasserman.

43.    Defendant Wasserman also took money that should have been paid to Dimov Wasserman.

44.    In addition, Wasserman prepared tax returns for Dimov Wasserman clients.

45.    In some instances, Wasserman did not return the money paid by Dimov Wasserman clients for preparation of their tax returns back to Plaintiff Dimov Wasserman.

46.    Wasserman PC was contractually obliged to transfer over all of its clients to Dimov Wasserman as a result of the Purchase Agreement.

47.    This meant that these clients, who were former clients of Wasserman PC in 2024, were supposed to have their tax returns filed under Dimov Wasserman.

48.    Dimov Wasserman should have been listed as the tax preparer.

49.    Wasserman, however, filed these returns to the government for many Dimov Wasserman clients who were also former Wasserman PC clients by listing SFS as the tax preparer.

50.    Upon information and belief, Defendant Wasserman agreed with Derrick Wilson, owner of SFS, to divert clients from Dimov Wasserman to SFS.

51.    After October 2024, Wasserman diverted over 20 clients who should have had their tax returns prepared by Dimov Wasserman to SFS for preparation of those same tax returns.

52.    When Wasserman diverted over 20 clients from Dimov Wasserman to SFS to prepare their tax returns, SFS was listed as the tax preparer firm on those forms.

53.    Of the over 20 Dimov Wasserman clients diverted by Wasserman to SFS for preparation of their returns, all were former Wasserman PC clients.

54.    Wasserman received payments from Dimov Wasserman clients through the Zelle application to an account he owned.

55.    Numerous Zelle payments were sent to Wasserman by Dimov Wasserman clients.

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 26 of 65 PageID:
235
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 10 of 49 PageID: 10

56.    Prior to receipt of payments, Wasserman did not tell anyone at Dimov Wasserman he was expecting Dimov Wasserman clients to pay using Zelle.

57.    In several instances, Wasserman did not explain to anyone at Dimov Wasserman what services had been rendered for the Zelle payments received from clients of that business.

58.    On numerous occasions, Wasserman received payments from Dimov Wasserman clients by cash or wire transfer. None of these payments were disclosed to Dimov Wasserman.

59.    Jacqueline Heston was a Dimov Wasserman employee who saw documentation showing that Dimov Wasserman clients had sent Zelle, cash payments or wire transfers to Wasserman.

60.    Jacqueline Heston also saw that several Dimov Wasserman clients who had their tax returns prepared by Wasserman had SFS listed as the tax preparer firm.

61.    April Moore, a Dimov Wasserman employee, also saw that several Dimov Wasserman clients who had their tax returns prepared by Wasserman had SFS listed as the tax preparer firm.

Receipt of Payments

62.    ProConnect is a tax preparation software.

63.     Dimov Wasserman allows access to ProConnect for employees to assist them in processing tax returns for clients.

64.     On numerous occasions, Wasserman used ProConnect software to process tax returns but failed to list Dimov Wasserman, Dimov Tax or any related entity as the tax preparer firm.

65.     Wasserman, on several occasions, did not remit any money charged to the client for this return to Dimov Wasserman.

66.     Defendant Wasserman was mandated to use ProConnect for filing of tax returns at Dimov Wasserman.

67.     Instead, Defendant Wasserman downloaded and activated ProSeries, a different tax software on his laptop to process tax returns.

Loans

68.     The American Institute of Certified Public Accountants ("AICPA") has a professional code of conduct (the "Code of Conduct") by which all CPAs in the United States are bound.

69.     Accordingly, Wasserman is a CPA and is bound by the Code of Conduct.

70.     From December 2024 onwards, Defendant Wasserman has been receiving loans from persons who were Wasserman PC clients that became Dimov Wasserman clients after the Sale.

71.    Taking loans from clients is a violation of the Code of Conduct because it may affect a CPA's ability to act independently.

72.    Wasserman did not disclose to Dimov Tax that he had taken loans from clients.

## Interference by David Kane

73.    David Kane had knowledge of the contractual relationship between Wasserman and George Dimov.

74.    David Kane should have known of the business relationship between Defendant Wasserman and Mr. Dimov.

75.    This is because David Kane knew that Wasserman had signed the Purchase Agreement with Dimov Tax.

76.    In fact, David Kane had conversations with George Dimov concerning the acquisition of Wasserman PC.

77.    Furthermore, Mr. Kane had actually assisted in drafting the Purchase Agreement.

78.    Even with this knowledge, upon information and belief, David Kane aided Wasserman in inducing clients to leave Dimov Wasserman and have their tax returns prepared by SFS.

## Fraud

79.    Defendant Wasserman was in contact with Client CF for preparation of their tax returns in December 2024.

80.    After completing this return, Client CF paid Defendant Wasserman for his work in December 2024.

81.    No money paid by Client CF was remitted to Plaintiff Dimov Wasserman or Plaintiff Dimov Tax.

82.    When an employee at Dimov Wasserman asked Defendant Wasserman about why Client CF had not yet paid for their tax return that was supposed to be completed by Dimov Wasserman, Defendant Wasserman produced a false invoice.

83.    The false invoice offered by Defendant Wasserman incorrectly showed that he had billed Client CF for the services performed in October 2024 rather than December 2024.

84.    The purpose of the backdating of the invoice by Defendant Wasserman was so he could claim he had earned the client payment before the Sale to avoid Dimov Wasserman being entitled to the payment.

### False Invoices

85.    Pursuant to the Consulting Contract, Mr. Wasserman submitted monthly invoices for payment to Dimov Wasserman.

86.    The invoices submitted by Mr. Wasserman did not reflect an accurate representation of the work done by Mr. Wasserman for Dimov Wasserman.

87.    Mr. Wasserman sent monthly invoices to Dimov Wasserman even though, upon information and belief, most of the work done by Mr. Wasserman was for SFS while he was at Dimov Wasserman.

88.    Moreover, Mr. Wasserman sent monthly invoices to Dimov Wasserman even though he was unable to perform his role adequately because his EFIN was suspended.

Operating Without EFIN

89.    Defendant Wasserman required an EFIN to electronically file tax returns with the Internal Revenue Service ("IRS").

90.    In March 2024, Defendant Wasserman's EFIN was suspended.

91.    A letter from the IRS was sent to Defendant Wasserman on May 6, 2024, which confirmed the suspension. A true and accurate copy of the letter from the IRS on May 6, 2024, is annexed hereto as **Exhibit 3**.

92.    Defendant Wasserman appealed the suspension of his EFIN shortly thereafter.

93.    The IRS responded in a letter on July 18, 2024, which confirmed his suspension. A true and accurate copy of the letter from the IRS on July 18, 2024, is annexed hereto as **Exhibit 4**.

94.    Upon information and belief, this information was known to Defendants Kane and Wasserman in the months prior to the signing of the Purchase Agreement.

95.    Upon information and belief, Defendants Kane and Wasserman discussed the suspended EFIN and came up with a plan to sell Mr. Wasserman's business to Mr. Dimov as a solution to Defendant Wasserman's inability to file using an EFIN.

96.    Upon information and belief, when he contacted Mr. Dimov to suggest acquiring Marc Wasserman PC CPA, Defendant Kane knew that the fact Mr. Wasserman did not have an EFIN should have been disclosed to Mr. Dimov prior to any sale.

97.    Defendant Kane knew, upon information and belief, that not disclosing the suspending EFIN would likely cause financial harm to Mr. Dimov if he went ahead with the purchase of Marc Wasserman PC CPA.

98.    Defendant Kane should have known, upon information and belief, that not disclosing the suspending EFIN would likely cause financial harm to Mr. Dimov if he went ahead with the purchase of Marc Wasserman PC CPA.

99.    Defendant Kane assisted in drafting the Purchase Agreement but failed to input any indication in the wording showing that Mr. Wasserman had a suspended EFIN.

100.    The Plaintiffs would also not have entered into the Consulting Contract with Mr. Wasserman if they had this knowledge.

Misbehavior of Marc Wasserman

101.    On or about March 3, 2025, Wasserman was at Dimov Wasserman's office in New Jersey.

102.    On that day, Wasserman was upset because he had misplaced a client's documents and had been looking everywhere for them.

103.    This culminated in Wasserman then throwing a bowl made of glass or porcelain.

104.    The bowl shattered as a result of the throw.

105.    Several employees were present during the incident in which Wasserman broke the bowl, and seeing such behavior caused them to fear for their safety.

106.    April Moore was present during the incident.

107.    Jacqueline Heston was in the office during this time.

108.    Upon information and belief, other employees of Dimov Wasserman were present during Wasserman's outburst which resulted in the broken bowl.

109.    Upon information and belief, while still engaged by and receiving compensation from Plaintiff Dimov Tax, Defendants began soliciting Plaintiff's clients to terminate their relationship with Plaintiff.

110.    Upon information and belief, Wasserman attempted to have clients instead retain Defendant SFS or himself for the same services.

111.   Upon information and belief, Defendants used Plaintiff's confidential client information to, inter alia, identify, target, and solicit Plaintiff's clients for their own benefit.

112.   As a direct and proximate result of Defendants' actions, Plaintiffs have suffered substantial damages, including but not limited to lost clients, lost revenue, payments made to Defendants for services not rendered, and damage to business reputation and goodwill.

113.   Plaintiffs have suffered damages in an amount to be proven at trial.

## COUNT ONE

## Violation of The Defend Trade Secrets Act (18 U.S.C. § 1836)

## (Against All Defendants)

114.   The Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as if set forth more fully herein.

115.   Defendant Wasserman sold Wasserman PC to Dimov Tax.

116.   Wasserman PC contained Confidential Information.

117.   The Confidential Information owned by Wasserman PC was transferred to Dimov Tax as a result of the Purchase Agreement.

118.   Wasserman PC contained proprietary information.

119.   The proprietary information owned by Wasserman PC was transferred to Dimov Tax as a result of the Purchase Agreement.

120. Dimov Tax took various measures to protect its Confidential Information.

121. The protective measures implemented by Dimov Tax included placing passwords on its computer devices.

122. Measures were taken to protect Dimov Tax's proprietary information.

123. The proprietary information was protected by applying password protection to Dimov Tax electronic devices.

124. Dimov Wasserman also had its computer devices password protected.

125. The purpose of this was to protect Dimov Wasserman's Confidential Information and proprietary information.

126. Wasserman actually knew that Dimov Tax had Confidential Information.

127. In addition, Wasserman should have known that Dimov Tax possessed this Confidential Information.

128. Wasserman signed a Consulting Agreement with Dimov Wasserman.

129. The Consulting Agreement meant Wasserman would have access to Confidential and propriety information at Dimov Wasserman.

130. Furthermore, Wasserman also had access to Confidential Information and proprietary information at Dimov Tax.

131. Wasserman knowingly and intentionally misappropriated and exploited the Confidential Information and proprietary information for his own gain to the detriment of Dimov Wasserman.

132. Wasserman also knowingly and intentionally misappropriated and exploited the Confidential Information and proprietary information for his own gain to the detriment of Dimov Tax.

133. David Kane was aware that Dimov Wasserman possessed Confidential Information and proprietary information.

134. In any event, David Kane should have known that Dimov Wasserman possessed Confidential Information.

135. David Kane knowingly aided Wasserman in misappropriating and exploiting the Confidential Information and proprietary information for Wasserman's own gain to the detriment of Dimov Wasserman.

136. David Kane knowingly aided Wasserman in misappropriating and exploiting the Confidential Information and proprietary information for Wasserman's own gain to the detriment of Dimov Tax.

137. Defendants' misappropriation of Plaintiffs' Confidential Information and proprietary information has caused significant damage to the Plaintiffs.

138. The damages caused to the Plaintiffs include but are not limited to the loss of  business opportunities, customers and suppliers; damage

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 36 of 65 PageID:
245
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 20 of 49 PageID: 20

to business reputation; lost sales; and the cost of an investigation into their unlawful conduct.

139.    Defendants' conduct described herein will continue to cause irreparable damage to the Plaintiffs unless enjoined by this Court.

140.    An award of money damages alone cannot fully compensate the Plaintiffs for their injuries, and the continued threat of misappropriation by Defendants has no adequate remedy at law.

141.    By reason of the foregoing, Defendants have violated the Defend Trade Secrets Act and are liable to the Plaintiffs for all remedies available thereunder, including but not limited to monetary damages, injunctive relief and attorneys' fees.

## COUNT TWO

### Violation of The New Jersey Trade Secrets Act (N.J.S.A 56:15-1)

### (Against All Defendants)

142.    Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs of this complaint as if set forth more fully herein.

143.    By reason of the foregoing, Defendants have violated the New Jersey Trade Secrets Act and are liable to Plaintiffs for all remedies available thereunder, including but not limited to monetary damages, injunctive relief and attorneys' fees.

## COUNT THREE

### Breach of Fiduciary Duty

**(Against Defendant Wasserman)**

144.    The Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs of this complaint as if set forth more fully herein.

145.    A fiduciary relationship existed between Plaintiffs and Defendant Wasserman by virtue of Defendant Wasserman's role as service providers for Plaintiffs in the area of tax preparation and accounting, which created a relationship of heightened trust and confidence.

146.    A fiduciary relationship existed between Plaintiffs and Defendant Wasserman by virtue of Defendant Wasserman's role as service providers for Plaintiffs in the area of tax preparation and accounting, which created a relationship of heightened trust and confidence.

147.    Defendant Wasserman's fiduciary duty to Plaintiffs included duties of loyalty, good faith, fair dealing, and full disclosure.

148.    Defendant Wasserman owed Plaintiffs fiduciary duties to act in Plaintiffs' best interests and to refrain from self-dealing or pursuing his own interests at Plaintiffs' expense.

149.    Defendant Wasserman owed Plaintiffs fiduciary duties to maintain the confidentiality of Plaintiffs' business information and to refrain from using such information for his own benefit.

150.    Defendant Wasserman owed Plaintiffs a fiduciary duty to disclose any conflicts of interest.

151.   Defendant Wasserman breached his fiduciary duty to Plaintiffs by soliciting Plaintiffs' clients for his own benefit.

152.   Defendant Wasserman breached his fiduciary duty to Plaintiffs by using Plaintiffs' confidential client information to compete against Plaintiffs.

153.   Defendant Wasserman breached his fiduciary duty to Plaintiffs by failing to disclose his intent to compete with Plaintiffs and his ongoing solicitation of Plaintiffs' clients.

154.   Defendant Wasserman breached his fiduciary duty to Plaintiffs by failing to disclose he had a suspended EFIN to file documents electronically for Plaintiffs' clients.

155.   Defendant Wasserman breached his fiduciary duty to Plaintiffs by placing his own financial interests above Plaintiffs' interests.

156.   Defendant Wasserman breached his fiduciary duty to Plaintiffs by actively undermining Plaintiffs' business relationships with clients while still engaged as a consultant at Dimov Wasserman.

157.   Defendant Wasserman's breaches of fiduciary duty involve fraud, self-dealing, and deliberate misconduct.

158.   As a direct and proximate result of Defendants' breaches of fiduciary duty, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, including but not limited to lost revenue, lost profits, and reputational harm.

159.    Due to the willful, wanton, and malicious nature of Defendant Wasserman's breaches of fiduciary duty, Plaintiffs are entitled to punitive damages in addition to compensatory damages.

## COUNT FOUR

## Tortious Interference with Business Relationships

## (Against All Defendants)

160.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

161.    Plaintiff Dimov Wasserman had existing business relationships with clients that presented a reasonable expectation of continued and future business with those clients.

162.    Defendants knew of these business relationships between Plaintiff Dimov Wasserman and its clients through their work as service providers for Plaintiff Dimov Wasserman.

163.    Defendants intentionally interfered with these business relationships by soliciting Plaintiff Dimov Wasserman's clients to terminate their relationship with Plaintiff Dimov Wasserman.

164.    Upon information and belief, Defendants employed wrongful means in their interference, including misrepresentation of material facts to Plaintiff Dimov Wasserman's clients.

165.    Upon information and belief, Defendants employed wrongful means by improperly using Plaintiff Dimov Wasserman's confidential client

information and trade secrets obtained solely through their relationship with Plaintiff Dimov Wasserman.

166.    Defendants' interference was not merely competitive persuasion, but constituted economic pressure directed at Plaintiff Dimov Wasserman's clients through improper inducements and professional misconduct.

167.    Defendants' conduct went beyond legitimate market competition, as they were not merely competitors but were in a special position of heightened trust and confidence with Plaintiff Dimov Wasserman due to Defendant Wasserman's role at Dimov Wasserman as a consultant.

168.    Defendants' conduct was not justified by legitimate economic self-interest alone but was wrongful in both its means and objectives.

169.    Defendants' interference was substantially motivated by malice and intent to harm Plaintiffs' business.

170.    As a direct and proximate result of Defendants' tortious interference, Plaintiffs lost existing and prospective business with its clients.

171.    Defendants' actions were willful, wanton, and malicious, undertaken with the deliberate intent to injure Plaintiffs' business.

172.    Defendants financially benefited from their tortious conduct by collecting fees from both Plaintiffs and the clients they diverted from Plaintiffs.

173.    As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 41 of 65 PageID:
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 25 of 49 PageID: 25
250

at trial, including but not limited to lost revenue, lost profits, and reputational harm.

174.    Due to the willful and malicious nature of Defendants' actions, Plaintiffs are entitled to punitive damages in addition to compensatory damages.

**COUNT FIVE**

**Breach of Covenant of Good Faith and Fair Dealing**

**(Against Defendant Wasserman)**

175.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

176.    Under New Jersey law, all contracts imply a covenant of good faith and fair dealing in the course of performance.

177.    This implied covenant embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

178.    Defendant Wasserman owed Plaintiff a duty of good faith and fair dealing in the performance of his contractual obligations as a service provider.

179.    The implied covenant of good faith and fair dealing encompassed promises which a reasonable person in Plaintiffs' position would be justified in understanding were included in the contractual relationship.

180. Plaintiffs reasonably understood that Defendant Wasserman, as a service provider, would not actively undermine Plaintiffs' business relationships or divert Plaintiffs' clients to himself.

181. Defendant Wasserman breached the implied covenant of good faith and fair dealing by using his position of trust to secretly solicit Plaintiffs' clients.

182. Defendant Wasserman breached the implied covenant of good faith and fair dealing by using confidential information obtained through their relationship with Plaintiffs to compete against Plaintiffs.

183. Defendant Wasserman's actions destroyed and injured Plaintiffs' right to receive the fruits of its contractual relationships with clients.

184. Defendant Wasserman's actions further destroyed and injured Plaintiffs' right to receive the fruits of its contractual relationship with Defendant Wasserman by converting a relationship of trust and confidence into one of competitive harm.

185. Defendant Wasserman's breach of the implied covenant of good faith and fair dealing was intentional and calculated to benefit Defendants at Plaintiffs' expense.

186. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, including but not limited to lost revenue, lost profits, and reputational harm.

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 43 of 65 PageID:
252
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 27 of 49 PageID: 27

187.    Due to the willful, wanton, and malicious nature of Defendant Wasserman's actions, Plaintiffs are entitled to punitive damages in addition to compensatory damages.

## COUNT SIX

## (Misappropriation of Trade Secrets)

## (Against All Defendants)

188.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

189.    Plaintiffs possessed valuable trade secrets, including but not limited to their client list containing the identities of specific individual contacts at client companies, specialized client information, client preferences, pricing information, and proprietary business methods.

190.    Plaintiffs' client contact information constitutes a protectable trade secret because:

a.    The information is not generally known outside of Plaintiffs' businesses;

b.    The information is known only to select employees within Plaintiffs' business on a need-to-know basis;

c.    Plaintiffs have taken substantial measures to protect the secrecy of this information, including [restricted computer access and password protection];

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 44 of 65 PageID:
253
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 28 of 49 PageID: 28

      d.   The information has significant economic value to Plaintiffs and their competitors; and

      e.   Plaintiffs expended substantial time, effort, and money developing these client relationships and compiling this information.

    191.   The information would be extremely difficult for competitors to properly acquire or duplicate on their own without Plaintiffs' knowledge and experience.

    192.   Plaintiffs' client information is particularly valuable as a trade secret because it reflects specialized knowledge of individual customer preferences, needs, and requirements that could only be developed through Plaintiffs' years of effort and substantial investment.

    193.   Plaintiffs took reasonable measures to maintain the secrecy of its trade secrets, such as implementing computer security measures to protect electronic files.

    194.   Defendants had access to Plaintiffs' trade secrets solely by virtue of Defendant Wasserman's contractual relationship with Plaintiffs as a service provider.

    195.   Defendants were aware of their duty to maintain the confidentiality of Plaintiffs' trade secrets both during and after their relationship with Plaintiffs.

    196.   Defendants misappropriated Plaintiffs' trade secrets by:

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 45 of 65 PageID:
254
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 29 of 49 PageID: 29

    a.   Taking and retaining copies of Plaintiffs' client lists and contact information without authorization;

    b.   Using Plaintiffs' confidential client information to solicit Plaintiffs' clients;

    c.   Using knowledge of client preferences and pricing information acquired from Plaintiffs to specifically target Plaintiffs' clients; and

    d.   Using Plaintiffs' proprietary business methods to compete against Plaintiffs.

197.   Defendants' use of Plaintiffs' trade secrets was not the result of casual memory but involved the deliberate taking and use of confidential information.

198.   Defendants used Plaintiffs' trade secrets to solicit Plaintiffs' clients in breach of Defendant Wasserman's contractual relationship with Plaintiffs and in violation of Defendant Wasserman's express contractual obligations.

199.   Defendants' ongoing use of Plaintiffs' trade secrets has caused and will continue to cause immediate and irreparable harm to Plaintiffs that cannot be remedied by monetary damages alone.

200.   Plaintiffs are entitled to injunctive relief prohibiting Defendants from further use of Plaintiffs' trade secrets.

201.   As a direct and proximate result of Defendants' misappropriation of trade secrets, Plaintiffs have suffered and will continue to suffer damages in

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 46 of 65 PageID:
255
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 30 of 49 PageID: 30

an amount to be proven at trial, including but not limited to lost revenue, lost profits, and damage to Plaintiffs' business reputation and goodwill.

202.    Due to the willful and malicious nature of Defendants' misappropriation of Plaintiffs' trade secrets, Plaintiffs are entitled to exemplary damages and reasonable attorney's fees.

## COUNT SEVEN

## (Unjust Enrichment)

## (Against All Defendants)

203.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

204.    Defendants were enriched by acquiring Plaintiffs' clients and the fees generated from professional services to these clients.

205.    Defendants' enrichment came at Plaintiffs' expense, as Plaintiffs lost valued clients and the associated fees that Plaintiffs would have earned from continuing to provide services to these clients.

206.    Defendants and Plaintiffs had a sufficient relationship to support an unjust enrichment claim, including but not limited to the fact that:

    a.    Defendant Wasserman worked as tax and accounting service providers for Plaintiffs, creating a business relationship of heightened trust and confidence;

b.  Defendants Kane and Defendant Selective Financial Solutions were aware of the business relationship that Defendant Wasserman had with the Plaintiffs;

c.  Defendant Wasserman had access to Plaintiffs confidential client information solely due to his relationship with the Plaintiffs; and

d.  Upon information and belief, Defendants were aware of Plaintiffs' existing relationship with these clients.

207.  Defendants knowingly used Plaintiffs' client relationships for their own gain.

208.  Defendant Wasserman had a duty not to use confidential knowledge acquired during his relationship with Plaintiffs to compete against Plaintiffs.

209.  Defendants Kane and Defendant SFS had a duty not to assist Wasserman in breaching his relationship with Plaintiffs.

210.  Defendants were aware that the client relationships and information they exploited belonged to Plaintiffs and had been developed by Plaintiffs through substantial time and financial investment.

211.  Defendant Wasserman knew that he was receiving a benefit from Plaintiffs' client relationships and work product because he deliberately solicited these clients while still engaged as a service provider for Plaintiff.

212.   The connection between Plaintiffs and Defendants is not attenuated, as Defendants worked together to assist Defendant Wasserman in breaching his contractual obligation to the Plaintiffs.

213.   It is against equity and good conscience to permit Defendants to retain the benefits they acquired through their unfair exploitation of Plaintiffs' client relationships and confidential information.

214.   Defendants' retention of fees generated from Plaintiffs' clients is inequitable and unjust, as Defendants took advantage of Defendant Wasserman's position of trust and the information he obtained through his special relationship with the Plaintiffs.

215.   As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, including but not limited to lost revenue, lost profits, and damage to Plaintiffs' business reputation and goodwill.

216.   Plaintiffs are entitled to disgorgement of all fees and profits that Defendants unfairly obtained through their exploitation of Plaintiffs' client relationships and confidential information.

## COUNT EIGHT

### Fraud

### (Against Defendants Wasserman and Kane)

217.   Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

218.   Defendant Wasserman was in a contractual relationship with the Plaintiffs.

219.   In his contractual relationship with the Plaintiffs, Defendant Wasserman had access to confidential client information.

220.   Defendants Wasserman and Kane used confidential client information to induce those clients to pay for services which Defendant Wasserman had performed using Plaintiffs' property.

221.   Defendant Wasserman received payment from clients for professional services performed using Plaintiffs' property but failed to remit those payments to Plaintiffs.

222.   Defendant Wasserman did not remit funds received from Plaintiffs' clients to any of the Plaintiffs.

223.   Defendant Wasserman created false invoices and issued them to Plaintiff Dimov Wasserman to avoid having to remit payments provided to him by Dimov Wasserman clients to Plaintiffs.

224.   As a direct and proximate result of fraud committed by Defendants Wasserman and Kane, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, including but not limited to lost revenue, lost profits, and damage to Plaintiffs' business reputation and goodwill.

225.    Plaintiffs are entitled to disgorgement of all fees and profits that Defendants fraudulently obtained through their exploitation of Plaintiffs' client relationships and confidential information.

## COUNT NINE

### (Unfair Competition)

### (Against All Defendants)

226.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

227.    Plaintiffs invested substantial time, skill, labor, and resources in:

  a.    Developing their client relationships;

  b.    Creating proprietary business methods and strategies;

  c.    Building their professional reputation and goodwill; and

  d.    Establishing their competitive position in the market.

228.    Defendants misappropriated the fruits of Plaintiffs' labor and expenditure by:

  a.    Exploiting Defendant Wasserman's position with Plaintiffs to access and utilize Plaintiffs' client information;

  b.    Using Plaintiffs' confidential business methods and strategies to compete against Plaintiffs;

  c.    Trading on Plaintiffs' goodwill to solicit clients for their competing business; and

d.  Diverting Plaintiffs' clients to their own practice while still being paid by Plaintiffs.

229.  Defendants' conduct constitutes unfair competition and bad faith because:

230.  They used deceptive practices to gain unfair competitive advantage;

231.  They exploited confidential information entrusted to Defendant Wasserman;

232.  They competed with Defendant Wasserman's principal while Defendant Wasserman was still engaged by and receiving compensation from Plaintiffs; and

233.  They diverted business opportunities that rightfully belonged to Plaintiffs.

234.  Defendants' acts have caused or are likely to cause confusion among clients as to the source of services and the relationship between Plaintiffs and Defendants.

235.  Defendants' unfair competition has allowed them to gain commercial advantage without the normal investment of time, labor, and capital that would otherwise be required to develop their own independent practice.

236.    Defendants' acts of unfair competition were deliberate, willful, and undertaken with the intention of injuring Plaintiffs and benefiting themselves.

237.    As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered damages, including but not limited to:

238.    Loss of clients and associated revenue;

239.    Diminished value of business goodwill;

240.    Injury to business reputation; and

241.    Loss of competitive advantage.

242.    Defendants have been unjustly enriched through their unfair competition at Plaintiffs' expense.

243.    Due to the willful and malicious nature of Defendants' conduct, Plaintiffs are entitled to punitive damages in addition to compensatory damages.

## COUNT TEN

### (Breach of Contract)

### (Against Defendant Wasserman)

244.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

245.    Plaintiff Dimov Tax and Defendant Wasserman entered into a valid and enforceable Consulting Contract whereby Defendant Wasserman

was required to, amongst other things, provide tax, accounting and auditing services for the Plaintiffs' clients as directed by Plaintiffs.

246.    Under the Consulting Contract, Defendant Wasserman was to bill Plaintiffs only for time actually spent performing services for Plaintiffs.

247.    Defendant Wasserman was supposed to act in good faith in the performance of his duties for the benefits of the Plaintiffs under the Consulting Contract.

248.    Plaintiffs fully performed all of their obligations under the Consulting Agreement, including timely payment to Defendant Wasserman.

249.    Defendant Wasserman failed to perform his duties under the Consulting Contract.

250.    Defendant Wasserman did not adequately perform his contractual duties when he was late filing clients' tax returns.

251.    Defendant Wasserman did not adequately perform his contractual duties when he was unable to file tax returns electronically because his EFIN was suspended.

252.    Defendants materially breached the Consulting Agreement by failing to adequately perform the services agreed to therein.

253.    As a direct and proximate result of Defendant Wasserman's breaches of contract, Plaintiffs have suffered damages, including but not limited to:

254.    Payments made to Defendant Wasserman for services not rendered;

255.    Lost revenue from clients diverted to Defendant Wasserman;

256.    Costs incurred to remediate deficient work product;

257.    Lost business opportunities; and

258.    Other consequential damages flowing from the breaches.

## COUNT ELEVEN

### (Conversion)

### (Against All Defendants)

259.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

260.    Plaintiffs had legal ownership, possession, or right to possession of the following property:

261.    Client files and information;

262.    Confidential business information and trade secrets;

263.    Proprietary business methods and materials;

264.    Client lists and contact information; and

265.    Payments received from clients for services arranged through Plaintiffs.

266.    Defendants wrongfully exercised dominion and control over Plaintiffs' property by:

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 55 of 65 PageID:
264
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 39 of 49 PageID: 39

267. Taking, retaining, and using Plaintiffs' client information for their own benefit;

268. Diverting client files from Plaintiffs to Defendants' competing business;

269. Retaining and using Plaintiffs' proprietary business methods; and

270. Collecting and retaining fees that rightfully belonged to Plaintiffs.

271. Defendants' exercise of dominion and control over Plaintiffs' property was unauthorized and in derogation of Plaintiffs' rights.

272. Defendants' acts of conversion were deliberate and intentional, performed with knowledge that they were wrongfully taking Plaintiffs' property.

273. As a direct and proximate result of Defendants' conversion, Plaintiffs have suffered damages, including but not limited to:

274. The value of the converted property;

275. Lost revenue from diverted clients;

276. Lost business opportunities; and

277. Costs incurred to replace or recreate the converted materials.

278. The conversion by Defendants was committed knowingly, willfully, and with malicious intent to injure Plaintiffs, warranting the imposition of punitive damages

## COUNT TWELVE

### (Negligent Misrepresentation)

### (Against Defendants Kane and Wasserman)

279.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

280.    Defendant Kane contacted Plaintiff Dimov Tax concerning the possibility of purchasing Marc Wasserman PC CPA.

281.    Defendant Kane knew that Plaintiff Dimov Tax relied on information he provided concerning the sale of Marc Wasserman PC CPA.

282.    Prior to the sale of Marc Wasserman PC CPA to Dimov Tax, Defendant Kane knew that Defendant Wasserman had a suspended EFIN.

283.    Defendant Kane did not disclose to Plaintiff Dimov Tax that Defendant Wasserman had a suspended EFIN.

284.    Plaintiff Dimov Tax placed trust and confidence in Defendants Kane and Wasserman to act in good faith regarding the Purchase Agreement.

285.    Defendant Kane concealed the state of Defendant Wasserman's EFIN status to the Plaintiffs.

286.    Defendant Wasserman also concealed the state of his EFIN status to Plaintiff Dimov Tax. Defendants failed to use reasonable care or competence in obtaining or communicating this information to Plaintiff Dimov Tax.

287.    Defendants knew or should have known that Plaintiffs would justifiably rely on these representations made by Defendants Kane and Wasserman in:

40

288.    Continuing to engage Defendant Wasserman's services;

289.    Paying Defendant Wasserman's invoices;

290.    Entrusting Defendant Wasserman with client relationships; and

291.    Making business decisions regarding client services and staffing.

292.    Plaintiffs actually and justifiably relied on Defendant Kane's and Wasserman's negligent misrepresentations.

293.    As a direct and proximate result of Plaintiffs' reliance on Defendant Kane's and Wasserman's negligent misrepresentations, Plaintiffs have suffered pecuniary loss, including but not limited to:

294.    Payments made to Defendant Wasserman for services not properly rendered;

295.    Lost revenue from mismanaged or diverted client relationships;

296.    Costs incurred to remediate errors in client work; and

297.    Lost business opportunities.

### COUNT THIRTEEN

### (Fraudulent Inducement)

### (Against Defendants Wasserman and Kane)

298.    Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

299.    Prior to the execution of the Purchase Agreement, Defendants made representations to Plaintiff regarding their intentions, including representations that:

300.    Defendant Wasserman intended to sell Marc Wasserman PC CPA due to a wish to possibly retire; and

301.    Mr. Wasserman's business was in good working order.

302.    Defendants Wasserman and Kane did not disclose that Defendant Wasserman did not have an EFIN.

303.    Defendant Wasserman signed a Consulting Agreement with Plaintiff Dimov Tax.

304.    Pursuant to the Consulting Contract, Defendant Wasserman worked in the New Jersey office location of Plaintiff Dimov Wasserman.

305.    Defendant Wasserman proposed to honor the terms of Consulting Contract in good faith.

306.    Defendants Wasserman and Kane negligently made false statements regarding their intentions to honor the Purchase Agreement.

307.    If Defendants Wasserman and Kane had not made false statements, Plaintiff Dimov Tax would not have entered into the Purchase Agreement.

308.    If the Defendants Wasserman and Kane had not made false statements, Plaintiff Dimov Tax would not have entered into the Consulting Conract.

309.    At the time Defendant Wasserman and Kane made false representations concerning the Purchase Agreement, they had a preconceived and undisclosed intention not to perform as represented.

310.   At the time Defendant Wasserman made false representations concerning the Consulting Agreement, he had a preconceived and undisclosed intention not to perform as represented.

311.   Specifically, at the time Defendants Wasserman and Kane made the representations regarding the Purchase Agreement, they already harbored the intention to:

312.   Use Plaintiffs' confidential client information to solicit Plaintiff's clients for themselves;

313.   Act in furtherance of their own interests at the expense of Plaintiffs' interests;

314.   Bill Plaintiff for time during which Defendants Wasserman and Kane would be developing plans to compete with Plaintiff; and

315.   Actively undermine Plaintiffs' client relationships for Defendants Wasserman's and Kane's own benefit.

316.   Defendants   Wasserman's   and   Kane's   misrepresentations regarding their present intentions were material and were made to induce Plaintiff to:

317.   Execute the Purchase Agreement;

318.   Execute the Consulting Agreement;

319.   Provide Defendant Wasserman with access to confidential client information;

320.   Pay Defendant Wasserman for services purportedly rendered on Plaintiffs' behalf; and

321.   Entrust Defendants with important aspects of Plaintiff's business.

322.   As a direct and proximate result of Defendants' fraudulent inducement and Plaintiff's justifiable reliance thereon, Plaintiff has suffered damages separate and distinct from any contract damages, including:

323.   Costs incurred to locate and attempt to recover diverted clients;

324.   Costs incurred to mitigate the damage to Plaintiff's client relationships;

325.   Administrative and operational costs associated with addressing the consequences of Defendants' fraudulent conduct; and

326.   Reputational damage and loss of goodwill.

327.   Defendants' fraudulent inducement was willful, wanton, and malicious, undertaken with the deliberate intent to deceive Plaintiff and benefit at Plaintiff's expense, warranting the imposition of punitive damages.

### COUNT FOURTEEN

### (Civil Conspiracy)

### (Against All Defendants)

328.   Plaintiffs repeat and restate the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

329.    Upon information and belief, Defendants entered into agreements with each other to engage in a coordinated scheme to:

330.    Misappropriate Plaintiff's confidential information and trade secrets;

331.    Divert Plaintiff's existing and prospective clients to Defendants' competing business;

332.    Bill Plaintiff for services not actually rendered; and

333.    Unlawfully compete with Plaintiff while still engaged by Plaintiff.

334.    In furtherance of this conspiracy, Defendants and their co-conspirators committed multiple overt acts, including but not limited to:

335.    Sharing Plaintiff's confidential client information among themselves;

336.    Coordinating their approach to soliciting Plaintiff's clients;

337.    Covering for each other's activities to conceal the scheme from Plaintiff;

338.    Having Defendant Wasserman simultaneously bill the Plaintiffs while working to establish their competing business; and

339.    Using Plaintiff's resources and goodwill to benefit their own enterprise.

340.    Defendants intentionally participated in the furtherance of the plan through these and other coordinated actions.

341.    The conspiracy was formed and executed for the wrongful purpose of:

342.    Defrauding Plaintiff;

343.    Breaching fiduciary duties owed to Plaintiff;

344.    Misappropriating Plaintiff's trade secrets and confidential information;

345.    Tortiously interfering with Plaintiff's contractual and business relationships; and

346.    Unfairly competing with Plaintiff.

347.    This conspiracy resulted in the commission of multiple actionable torts against Plaintiff as set forth in the preceding counts of this complaint.

348.    As a direct and proximate result of Defendants' civil conspiracy, Plaintiff has suffered damages, including but not limited to:

349.    Lost revenue from diverted clients;

350.    Payments made to Defendants and their co-conspirators for services not rendered;

351.    Devaluation of Plaintiff's confidential information and business methods; and

352.    Damage to business reputation and goodwill.

353.    The conspiracy was formed and carried out with malice, willfulness, and reckless disregard for Plaintiff's rights, warranting the imposition of punitive damages.

## Jury Demand

## Plaintiff demands a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, by reason of the foregoing, plaintiff Dimov Associates LLC d/b/a Dimov Tax and CPA Services and Plaintiff Dimov Wasserman LLC hereby respectfully request the following relief:

A.    On Counts One, Two, Three, Four, Six, Seven, Nine, Eleven and Fourteen against all Defendants, jointly and severally, compensatory damages in an amount to be proven at trial, punitive damages as applicable plus a preliminary and permanent injunction;

B.    On Counts Five, Eight and Ten against Defendant Wasserman, compensatory damages in an amount to be proven at trial, punitive damages as applicable plus a preliminary and permanent injunction;

C.    On Counts Twelve and Thirteen against Defendants Kane and Wasserman, compensatory damages in an amount to be proven at trial, punitive damages as applicable plus a preliminary and permanent injunction; and

D.    On all Counts, the costs and expenses of this action, reasonable attorneys' fees, interest as provided by law and such other and further relief as to the Court seems just and proper.

Case 1:25-cv-05410-KMW-AMD    Document 18-2    Filed 06/09/25    Page 64 of 65 PageID:
Case 1:25-cv-05410-KMW-AMD    Document 1    Filed 05/23/25    Page 48 of 49 PageID: 48
273

Dated: May 23, 2025

Respectfully submitted,

**ROMANO LAW PLLC**

By:    /s/ Daniel Braverman

Daniel S. Braverman
David Fish (*pro hac vice* pending)
One Battery Park Plaza
7th Floor
New York, New York 10004
Dan@RomanoLaw.com
Davidf@RomanoLaw.com

*Attorneys for Plaintiffs*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, counsel for Plaintiff hereby certifies, to the best of his knowledge, that the matter in controversy is not the subject of any other action currently pending in any court. I declare under penalty of perjury that the foregoing statements made by me are true.

Dated: May 23, 2025

**ROMANO LAW PLLC**

By:      /s/ Daniel Braverman

Daniel S. Braverman
David Fish (*pro hac vice* pending)
One Battery Park Plaza
7th Floor
New York, New York 10004
Dan@RomanoLaw.com
Davidf@RomanoLaw.com

*Attorneys for Plaintiffs*